TotteN, J.,
delivered the opinion of the court.
This is an action of trover for a negro slave, Jim. There was judgment in the circuit court, for defendant, and the plaintiffs appeal in error.
The material facts are these: On the 22nd April, 1826, Hobert M. Smith conveyed to "William Yancey, his heirs, executors, &c., the negro slave, Jim, and other slaves, in trust, for the separate use of the wife of said *387 Smith. The trustee to hire or control the slaves for her interest; and, in the words of the deed, “ after her death, the said negroes, with their increase, if any, to be equally divided between all her children.”
Elizabeth Smith, the said tenant for life, died about two years before the institution of this suit, and the plaintiffs are her children, provided for in said deed. After said deed was executed, (that is, September 12, 1826,) said Eobert M. Smith sold the slave, Jim, to James T. Sandford, and executed a bill of sale, and delivered the slave to him, in absolute property. Some years after, Sandford gave the slave to his daughter and son-in-law, the defendant in this suit, who has ever since held the slave in adverse possession; claiming the same as his property. The trustee lived many years after the adverse possession of Sandford commenced, and whether he is yet living, does not appear in the record. After the death of tenant for life, the plaintiffs demanded the slave, and were refused.
His honor, the circuit judge, instructed the jury, in effect, that the legal title was in the trustee, and only an equity in the plaintiffs; and therefore, they could have no status in a court of law. Second, that the legal title being in the trustee, and by the facts of this case, being barred by the statute, the equitable title was also barred. In support of these positions, Otey vs. Williams, 8 Humph. R., 563; and Stephens vs. Bomar, 9 Humph. R., 546, are relied upon.
These propositions resolve themselves into one ; and that is, whether the plaintiffs take a legal title in remainder, under the deed.
This depends, of course, upon the true and proper construction of the instrument. In trusts, created by will, *388 it is a general rule that the trustee in whom is vested a legal estate, takes such quantity of interest thereon, as the purposes of the trust require; and as soon as the trust is satisfied, the legal estate will vest, under the will, in the person beneficially entitled to it. Doe dem. Player vs. Nichols, 1 B. & C., 336; Doe vs. Simpson, 5 East, 162; Doe vs. Timins, 1 Barn. & A., 530; Doe vs. Ellis, 4 Adolph & Ellis, 582; Doe vs. Needs, 2 Mees. & Wels. 129.
And so, Mr. Kent says, the better opinion is, that if there be a devise to trustees and their heirs, during the minority, of a beneficial devisee, and then to him, or upon trust, to convey to him, it conveys a vested remainder in fee, and takes effect, in possession, when the devisee attains twenty-one. And the reason is, that a trust estate is not to continue beyond the period required for the purposes of the trust. Vid. 4 Kent, 204, margin.
If the limitation of the trust estate, in the' present case, were contained in a will, instead of a deed, its construction would be evident and certain. In that case, the manifest intention would govern and limit the estate of the trustee, to the continuance of the estate of the tenant for life, for whose protection it was created; and then, the legal estate in remainder, would vest in possession, under the will, in the children to whom it is limited.
The duties of the trustee, prescribed in the deed, have exclusive reference to the protection of the interest of the feme eov&rt, for her sole and separate use, during her life. At the termination of the estate, his duties are to cease; for, the slaves are then to be equally divided amongst the remainder-men; that is, they take the slaves, then, in absolute property. Such is the evident intention of the deed.
*389 But it must be conceded, that the rule of construction, in this respect, is far more flexible, in the case of a will, than in case of a deed. In a will, the intention rules the construction, and it is stronger than the technical terms employed. In a deed, more effect is given to its technical and literal terms. Such is the general doctrine on this subject. Hill on Trustees, 239-248.
It is true, that in Curtis vs. Price, 12 Ves., 100, a limitation i/n fee, to trustees, contained in a deed was restrained by wmplAeation, to a smaller estate; it appearing to be the intention of the instrument, and that its purpose would be defeated by giving the limitation its full effect; as where a subsequent estate, for life, or years, is given to the same trustees, after the limitation to them in fee.
It must, however, be conceded, that an express limitation of an estate in fee, contained in a deed, will not be cut down into a less estate, merely because a fee in the trustees is not necessary for the purposes of the deed. Wykham vs. Wykham, 18 Ves., 423; Hill on Trustees, 251.
But, if a limitation to trustees cmd thew hews, be restrained to the life of the tenant for life, the estate of the trustees is thereby cut down to the duration of the life estate. The estate, in such case, is merely a freehold, and not a fee. It has, however, a transmissible quality. 4 Kent, 4.
The same principles apply, in this respect, to the limitations of real estate, and personal estate; though the terns employed be different, and far more simple in the one case than in the other. The words hew and fee, though used for. illustration, have not, of course, any application to personal estate. A mere gift-of a chattel by A. to B., not naming the quantity of estate, will pass *390 the entire interest in the chattel, if that appear to be the intention, and no words of special limitation are necessary; and if used as in the case of real estate, they are to be taken as mere surplusage.
We apprehend, therefore, that where the subject of the trust is personal estate, the deed may receive a more free and liberal construction, conformable to the true and actual intention of the instrument, than is admissible where it is real estate, limited in the technical and artificial language appropriate to that kind of property. We may look more to the actual intention in the one case than in the other; and are less tram-melled by arbitrary rules of law applicable to special words and modes of limitation.
Now, in view of these principles, what is the true construction of the present deed? We have seen that the intention is, that the trustee shall be invested with the legal estate and have the control and management of the property for the separate use of the wife during her life; and then, that his interest and functions shall cease and the estate be vested in absolute property and possession in the children, who take in remainder.
In a will, this intention would, of course, take effect; but is it so expressed as that it may take effect in a deed, in which, by the rules of law, a more strict construction is required?
We are of opinion that it is. • We have seen that the technical terms applicable to real property, have no- special meaning as here applied. The case is a gift to a trustee for the separate use of the wife for life; then to her children. The deed does not limit the estate to the trustee to hold for the use of the wife for life, then for the use of the children. If it were so limited, the legal *391 estate would continué in tlie trustee, after the death of the wife, in trust for the benefit of the children, in accordance with the terms and intention of the instrument. On the contrary, no use or trust is declared for the children; if they take at all, they must take the legal as well as the equitable title. And such is the intention of the limitation; the slaves are to be equally divided amongst them; that is, having reference to the context, the slaves are given to them, to be equally divided and held in absolute property.
The gift is a vested remainder, to take effect in possession, at the death of tenant for life. IIow can it be otherwise, when no estate is given to the trustee for the use of the children, in remainder, but only for the tenant for life?
Now, the gift to the trustee is limited and restrained, as we think, to the life estate of the tenant for life, for whose use it is expressly held; and it can continue no longer; for, by the terms of the deed, the gift in remainder must then take effect; and we have seen that it is not a gift of the use, for no use is limited in remainder. It must, therefore, be of the absolute right, legal and equitable. If this be so, the legal estate of the trustee cannot continue at the same time, in the same property; but it is restrained to the life estate, by the gift in remainder, of the absolute estate, legal and equitable. It is the same in effect as if the limitation were of real estate, to trustees and their heirs, during the life of A; remainder to B; in which case, the estate of the trustees is cut down to a transmissible life estate.
We are of opinion, therefore, that, under a proper construction of the deed in question, the estate of the *392 children was a vested, legal remainder, and that it took effect in possession at the death of the tenant for life; that is, about two years before the institution of the present suit.
We have seen, however, that a different rule of construction would apply, if the estate had been given or limited to the trustee for the use or benefit of the children, in remainder. In that case, there would be no conflict in the limitations, and they both might well subsist and stand together; the legal estate being in the trustee, and the use or beneficial interest being in the children. The use would not be executed and converted into a legal estate by the statute 27 Henry, 8; for, if the statute were in force here, it could have no application to a chattel interest, such as this is; 4 Kent., 302, margin.
Now, as to Otey vs. Williams, 8 Humph., 563, and Stephens vs. Bomar, 9 Humph., 546, relied upon by defendant’s counsel, as establishing a different rule of construction, we may observe that the question considered in the present case, was not made or considered in either of those cases; and the words of limitation are not stated by the Reporter.
In Williams vs. Otey, the conveyance was of slaves in trust; first, for the payment of debts; second, for other uses stated in the deed; and it appears “that a portion of the debts secured by the deed were left unpaid.” There was no express power to sell the slaves for payment of debts, but it was held that the power to sell and convey was necessarily implied, to give effect to the purposes of the trust. And so, it must likewise follow that the legal estate given to the trustees, must continue in them, for the same purpose; and it being *393 barred by the statute, the trust estate was also barred.
In Stephens vs. Bomar, the legal estate was vested in Rebecca Ann Richardson for the use of her mother for life, and at her death to go to said Rebecca Ann and such other children as her mother might have. The mother, tenant for life, died March 1, 1832; said Rebecca Ann became of age, May 9, 1832; the adverse, possession of the defendant commenced December 12, 1827, and the suit was not brought until May 16, 1846. The court was of opinion, that the trustee, though an infant, might have sued when the adverse possession commenced, in 1827; that the statute then commenced running against her; that, although by the death of the ■ tenant for life, in 1832, the separate right of the trustee became merged in the right of all the children in remainder, yet, their disability could not be added to the disability of her infancy, previously existing; but the statute having begun to run, formed the bar, she not having sued in three years after her full age.
In the ease now before us, the question does not relate to the bar of the statute, but to the true construction of the deed and the nature and extent of the rights existing under it. Now, the court say, in Stephens vs. Bomar, that the separate right of the trustee became merged in the right of all the children in remainder, the said trustee being one of them. The trust estate must therefore- have ended with the life estate, and the persons entitled in remainder became invested with the legal estate under the deed. In this, there is nothing inconsistent with our judgment in the present case;'on the contrary, it fortifies and maintains it.
The result is, that the plaintiffs are entitled to maintain the present action; and have not lost their rights *394 by the negligence of a supposed trustee, who took no interest to protect them.
Let the judgment be reversed and remand the cause for a new 1/rial.
■Judgment reversed.